UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    CHRISTOPHER D. WYMAN,                     Case No. 12-32264-dof
                                                                      Chapter 7 Proceeding
                Debtor.                               Hon. Daniel S. Opperman
_____/
MICHAEL A. MASON, TRUSTEE,
and BARBARA DUGGAN,

        Plaintiffs,

v.                                                                    Adversary Proceeding
                                                                     Case No. 12-3347-dof

DIANA KAYE GENTRY, individually
and as sole shareholder and alter ego of
CREST HOUSING INC., CREST HOME
SERVICES CO., DK GENTRY, INC., GENTRY
SALES, INC., and related d/b/a's,

        Defendants.
_____/

Opinion Denying Defendants' Motion to Dismiss and Motions of
<u>Plaintiffs and Defendants for Summary Judgment and Sanctions</u>

<u>Introduction and Facts</u>

      The Plaintiffs, Michael A. Mason and Barbara Duggan, filed this adversary proceeding seeking the turnover of property, invalidation of a mortgage lien, or a money judgment against the Defendant, Diana Kaye Gentry, individually and as sole shareholder and alter ego of Crest Housing, Inc., Crest Home Services Co., DK Gentry, Inc., and Gentry Sales, Inc. ("Defendants"). In response, the Defendants filed a Motion to Dismiss With Sanctions Pursuant to Federal Rule of Civil Procedure 12(b)(5), 12(b)(6), 56, and seeking sanctions under Federal Rule of Civil Procedure 11.

1

The Defendant, Diana Gentry, and Christopher Wyman were married for many years, but they divorced in May, 2003. The Plaintiffs allege that there were a number of transfers and transactions between Mr. Wyman and the Defendant, all of which were designed to avoid creditors of one or the other. Per the Plaintiffs' allegations, these transfers occurred after the May, 2003, Judgment of Divorce.

The Defendant, Diana Gentry, filed a Petition seeking relief under Chapter 7 of the United States Bankruptcy Code with this Court on December 3, 2009. Collene Corcoran was appointed the Chapter 7 Trustee of Defendant, Diana Gentry's, bankruptcy estate and she has administered a number of assets as part of her duties in that case. Subsequently, Mr. Wyman filed a Petition seeking relief under Chapter 7 of the United States Bankruptcy Code on May 24, 2012, and the Plaintiff, Michael Mason, was appointed the Chapter 7 Trustee in his case. Through his investigation, Mr. Mason has concluded that either the Defendant, Diana Gentry, owes Mr. Wyman money or that property of Mr. Wyman was improperly transferred to her.

The Plaintiffs in this case allege that these transactions constitute preferences or fraudulent conveyances and that the real and personal property transferred by the Debtor, Christopher Wyman, to the Defendants should be avoided. In particular, the Plaintiffs allege that 11 U.S.C. § 547(b) and MCL 566.34 constitute the legal theory for recovery for the Plaintiffs. As a result, the Plaintiffs claim that the Defendants should turn over these assets pursuant to 11 U.S.C. § 542. Finally, Plaintiff Barbara Duggan only, requests consequential damages pursuant to MCL 566.38.

In response, the Defendants filed the instant Motion to Dismiss, challenging whether the Plaintiffs have stated enough facts to constitute a cause of action and also raising other defenses such

as res judicata, collateral estoppel, and the application of the *Rooker-Feldman* doctrine. The Plaintiffs counter that they have met the requirements to plead these causes of action and, in turn, they request that this Court grant summary judgment in their favor as there are no genuine issues of material fact. All parties seek sanctions from the other.

## Jurisdiction

28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50 grant this Court jurisdiction as to matters under Title 11 of the United States Code, including 11 U.S.C. §§ 542, 544, 547, and 550. The cases of *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012), however, hold that this Court does not have jurisdiction over the state court claims raised by the Plaintiffs. To the extent applicable, this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate); (E) (orders to turn over property of the estate); and (F) (proceedings to determine, avoid, or recover preferences). This is not a core proceeding as to the state court fraudulent conveyance issues raised by the Plaintiffs.

## Applicable Authorities

### Standard for Motion to Dismiss

Federal Rule of Civil Procedure 12(b), applicable in this adversary proceeding through Federal Rule of Bankruptcy Procedure 7012, states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A motion brought under Federal Rule of Civil Procedure 12(b)(6) tests the "sufficiency of [a] complaint." *Conley v. Gibson*, 351 U.S. 41, 46 (1957). A court is asked "to examine the plaintiff's allegations and determine whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "A court considering a motion to dismiss under Rule 12(b)(6) 'must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff.'" *Benzon v. Morgan Stanley Distributors*, 420 F.3d 598, 605 (6th Cir. 2005)(*quoting Inge v. Rock. Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002)(*citing Turker* v. *Ohio Dep't of Rehab. & Corr.*, 157 3d 453, 456 (6th Cir. 1998))). If "an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1120, 1138 (6th Cir. 1995). "While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions." *Andrews v. State of Ohio*, 104 F.3d 803, 806 (6th Cir. 1997)(*quoting Allard v. Weitzman* (*In re Delorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993)(emphasis in original)).

In the last few years, in *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court revisited the standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissal motions. In doing so, the United States Supreme Court in *Twombly* reaffirmed the "notice pleading" standard of Rule 8(a)(2) but renounced "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 560-61 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

4

The United States Supreme Court later examined *Twombly* in the case of *Ashcroft v. Iqbal*, 556 U.S.662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). In *Iqbal*, the United States Supreme Court held that *Twombly* applies to all civil actions and is not limited to antitrust disputes only as was the case in *Twombly*. *Iqbal*, 556 U.S. at 684, 129 S. Ct. at 1953.

<u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

Analysis

The Defendants first argue that the service of the Complaint was improper and, therefore, constitutes insufficiency of service of process for purposes of their Motion to Dismiss. The Defendant's Motion does not supply a clear basis for their assertion and the review of the Court file

in this case does not supply any basis to doubt or question that the Plaintiffs properly served the Defendants. Absent any factual record supporting their contention that service was insufficient, the Court denies the Plaintiffs' Federal Rule of Civil Procedure 12(b)(5) Motion.

The Defendants next urge this Court to dismiss this case for the failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). In support of their contention, the Defendants take issue with a number of factual allegations made by the Plaintiffs. For purposes of Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the allegations made by the Plaintiffs. A close examination of the Complaint in this action reveals that the Plaintiffs have stated the necessary elements and facts to support the various allegations of preferences, fraudulent conveyances, and turnover of property.

The Defendants next argue that the decisions of the state court in an action filed by Ms. Duggan as a plaintiff against the Debtor constitute res judicata as to those issues and that the principles of collateral estoppel and the *Rooker-Feldman* doctrine prohibit this Court from revisiting those issues.

Under the United States Supreme Court's "Rooker/Feldman abstention doctrine, . . . a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. Grandy*, 512 U.S. 997, 1005-06 (1994) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).

> The [Rooker/Feldman] doctrine expresses the principle that federal trial courts have only original subject matter, and not appellate, jurisdiction [and] . . . may

6

12-03347-dof    Doc 33    Filed 03/15/13    Entered 03/15/13 09:10:11    Page 6 of 11

not entertain appellate review of [or collateral attack on] a state court judgment. Rooker/Feldman is a limitation on subject matter jurisdiction in federal courts. The doctrine complements the statutory jurisdictional scheme of the federal courts . . . that limits federal review of state court proceedings to the United States Supreme Court. The Rooker-Feldman Doctrine bars a lower federal court from conducting a virtual "review" of a state court judgment for errors in construing federal law or constitutional claims "inextricably linked" with the state court judgment. The state and federal claims need not be identical for the doctrine to apply. In order to determine whether a claim is 'inextricably intertwined' with a state court claim, the federal court must analyze whether the relief requested in the federal action would effectively reverse the state court decision or void its ruling. In other words, the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

The Rooker/Feldman doctrine is related to but different from preclusion principles. The Sixth Circuit stated that the "doctrine [is] a combination of the abstention and res judicata doctrines . . . ." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1993).

*Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533, 536-37 (B.A.P. 6th Cir. 1999) (quotation marks and citations omitted).

In *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006), the Sixth Circuit Court of Appeals addressed the question of "whether the *Rooker-Feldman* doctrine should apply to a federal plaintiff in privity with a party in the state court proceeding." The court in *McCormick* acknowledged that *Rooker-Feldman* applied only to "state court losers" but found that "[u]nder a more moderate interpretation, a person in privity with the actual party who loses in state court may be deemed a state-court loser." *Id*. at 396. "It would be inconsistent to disallow the party in the state suit to raise a federal claim but to allow his privy to bring the exact same claim. A state party may not circumvent the Article III jurisdictional provisions simply by substituting a privy's name for his own in the federal claim." *Id*. The Sixth Circuit Court of Appeals continued: "In other

7

words, a federal claim that alleged injury from a state court judgment would seek review of that state court judgment, regardless if the state court loser or his privy filed the federal claim. The district court may not entertain jurisdiction over a claim that calls for appellate review, **no matter who raises that claim**." *Id*. (emphasis added). In a footnote, the Sixth Circuit Court of Appeals further observed that "a federal claim filed by a privy of the state court loser that asserts an injury caused by the state court judgment could properly be characterized as an appeal from that judgment." *Id*. at n.9.

*McCormick* has been repeatedly cited by lower courts in this circuit for its privity exception to the non-party rule. *See, e.g.*, *McCurdy's Electronic Sec., Inc. v. Daugherty*, 3:10–62–DCR, 2011 WL 2133567, 2 (E.D. Ky. May 26, 2011) (quoting *McCormick*) ("Although the Rooker–Feldman doctrine generally bars claims only by a plaintiff who was a party to the state-court action, the Sixth Circuit Court of Appeals has held that 'a person in privity with the actual party who loses in state court may be deemed a state-court loser' whose claim is also barred."); *Crossroads Media, LLC v. Village of Baldwin*, 2007 WL 772901, at *2 (W.D. Mich. Mar. 12, 2007) (citing *McCormick*) ("Plaintiff contends that the *Rooker-Feldma*n doctrine does not apply because Plaintiff Crossroads was not a party to the state court action. The Sixth Circuit Court of Appeals has determined that the *Rooker-Feldman* doctrine applies not only to parties to the state court action, but also to a federal plaintiff in privity with a party in the state court proceeding."); *Farmer v. City of Cincinnati*, 2006 WL 3762131 (S.D. Ohio Dec. 21, 2006) (citing *McCormick*) ("The Sixth Circuit has interpreted the 'state court losers' language broadly to include not only the state court losing party, but also those in privity with the state court losing party.").

8

"As a general matter, the doctrine of res judicata forecloses relitigation of matters that were determined, or should have been raised, in a prior suit in which a court entered a final judgment on the merits." *Fellowship of Christ Church v. Thorburn*, 758 F.2d 1140, 1143 (6th Cir. 1985) (citing *Migra v. Warren City School District*, 465 U.S. 75 (1984)).

> "Res judicata" has both a general and a specific meaning. In its general sense it refers to the preclusive effects of former proceedings. This broad category is divided into two more specific groups: "res judicata" in its narrower sense, and "collateral estoppel." Res judicata, in its narrow sense, refers to claim preclusion. Collateral estoppel refers to issue preclusion. Since the differences between the two require significantly different analyses, it is important to keep clear which is being discussed. . . . For clarity we prefer the more specific term, "collateral estoppel."

*Dodrill v. Ludt*, 764 F.2d 442, 443 (6th Cir. 1985).

Here, the parties are not identical in that Ms. Gentry was not a party to the state court action. At best, it appears that a default judgment was taken by Ms. Duggan against the Debtor, but the factual basis for that default judgment is not completely clear to this Court. Moreover, the fact that the Defendants were not parties to the state court action questions whether this Court can apply any of the principles of res judicata, collateral estoppel, or *Rooker-Feldman* to the instant case. Certainly, at this early procedural juncture, the Court hesitates to apply these doctrines without further exploration.

For these reasons, the Court denies the Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Defendants likewise request this Court to consider summary judgment pursuant to Federal Rule of Civil Procedure 56. Here, the factual basis for a motion for summary judgment is simply not present. As the Court takes all of the allegations made by the Plaintiffs as true, the Court

9

cannot, at this time, summarily grant the Defendants' Motion.

The Court does note, however, that 11 U.S.C. §§ 542, 544, 547, and 550 all grant "the trustee" the powers and remedies created by each statute. Additionally, 11 U.S.C. § 548 grants similar powers and remedies to "the trustee". Here, one of the Plaintiffs, namely Michael Mason, is the Trustee of the Christopher Wyman estate and has the requisite authority to initiate these actions. The other Plaintiff, Barbara Duggan, does not. Although not specifically pled by the Defendants, the Court questions the statutory authority that Barbara Duggan has to continue as a Plaintiff in this case as to those actions. Given this procedural irregularity, the Court will allow the Plaintiffs twenty-one (21) days to amend the Complaint to better explain the position of each Plaintiff as to the causes of action involved. For the same reasons, the Court reserves the right of the Plaintiffs to amend the Complaint to more specifically state the nature of the conveyances, as well as to detail to this Court whether this Court has jurisdiction over these claims pursuant to *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012). At first blush, it appears to this Court that these actions are strictly state law related actions which may, or may not, be appropriate in this Court. Plaintiff Barbara Duggan shall also detail how this Court has jurisdiction to decide the alleged independent and separate causes of action for consequential damages pursuant to MCL 566.38.

Given the procedural posture of this case, the Defendants should be given the opportunity to understand the nature of the claims made against them, as well as to ascertain whether this is the proper Court to adjudicate those claims. For all of these reasons, the Court grants the Plaintiffs the right to amend their Complaint within twenty-one (21) days to clearly state the nature of the claims

10

and the legal basis for same, as well as to state, in detail, the jurisdictional basis for each claim made by the Plaintiffs. Thereafter, the Defendants shall have twenty-eight (28) days to respond to the amended Complaint.

Turning to the Plaintiffs' Motion for Summary Judgment, there are many genuine issues of material facts that are left open, such that the Court cannot make a conclusion as to the validity of the Plaintiffs' various claims. Additionally, as noted previously, there are serious questions as to whether this Court has jurisdiction to enter a judgment as to the various state law claims made by the Plaintiffs.

All parties have sought sanctions under Federal Rule of Civil Procedure 11 and Federal Rule of Bankruptcy Procedure 9011. Again, the record is unclear as to whether any party is entitled to sanctions at this time, if ever. While counsel for both parties may be frustrated with the other, that is simply not the basis for the award of sanctions. Moreover, the procedural posture of this case is such that it is too early to order sanctions in this case.

For these reasons, the Court denies all parties' requests for sanctions.

Not for Publication

**Signed on March 15, 2013**
                **/s/ Daniel S. Opperman**
               **Daniel S. Opperman**
               **United States Bankruptcy Judge**